IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| JAMES STUART and<br>BETTY STUART, | )<br>) | CV-08-12-BU-RFC |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | |
| THE CITY OF DILLON,<br>BEAVERHEAD COUNTY, OFFICER<br>KEN BREEN, GLORIA ANN<br>GOLIMOWSKI, OFFICER FRANK<br>KLUESNER, OFFICER ED JONES,<br>and DOES 1-50, inclusive, political<br>subdivision of the STATE OF<br>MONTANA, and individuals, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER ADOPTING FINDINGS<br>AND RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE |
| Defendants. | ) | |

On July 22, 2008, United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation. Magistrate Judge Lynch recommends this Court remand this matter back to state court.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the July 22, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Lynch's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

The Stuarts commenced this action by filing their Complaint in the Montana Fifth Judicial District Court, Beaverhead County, on February 11, 2008. The Stuarts' original Complaint advanced the following claims for relief: (1) violation of the Stuarts' civil rights under both the United States Constitution and the Montana Constitution; (2) false imprisonment of James Stuart; (3) intentional infliction of emotion distress; (4) negligent infliction of emotional distress; (5) assault and battery; and (6) negligence. The Stuarts' Complaint expressly stated that their claims under the United States Constitution were made pursuant to 42 U.S.C. § 1983.

On March 5, 2008, Defendant Beaverhead County removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and (c). By Order entered June 24, 2008, the Court granted Stuarts' motion for leave to amend their Complaint, and they filed their First Amended Complaint on June 26, 2008. The Stuarts' amended pleading asserts only claims under Montana law as follows: (1) false imprisonment as to James Stuart; (2) false arrest as to James Stuart; (3) assault and battery of James Stuart; (4) invasion of privacy in violation of the Montana Constitution; (5) violation of the Stuarts' right to know as protected under the Montana Constitution; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) negligence. The Stuarts removed all references to federal law and abandoned their federal claims under 42 U.S.C. § 1983.

There is no question that this matter was properly removed to federal court based on the Stuarts' federal claim over which this Court had federal subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a), and 1441(a)-(c). Nevertheless, a plaintiff may later amend the complaint by dismissing all federal causes of action, thereby eliminating the grounds for federal subject matter and rendering the action amendable to a remand pursuant to 28 U.S.C. § 1447(c). A plaintiff may amend claims in an action removed to federal court by dismissing federal claims, thereby waiving his ability to pursue the federal claims, "clarifying his intent to 'avoid federal jurisdiction by exclusive reliance on state law[,]'" and properly resulting in a remand of the case to state court. *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1165 (S.D. Cal. 2003).

The district courts enjoy discretion in deciding to either retain or decline supplemental jurisdiction over state law claims after the plaintiff dismisses his federal claims. *Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). The court's exercise of jurisdiction, and its decision to decline or retain supplemental jurisdiction "is a responsibility that district courts are duty bound to take seriously." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

In exercising its discretion, the court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 ((1966). This is true especially "when the

3

federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain[.]" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

Under the circumstances of this case, the factors and objectives described above weigh heavily in favor of declining supplemental jurisdiction over the Stuarts' state law claims. From a procedural standpoint, this case is still in its early stages. The preliminary pretrial conference was held on June 26, 2008, and the schedule for this case was imposed less than one month ago, on June 30, 2008. This action has not progressed to the merits of Stuarts' claims. Therefore, the Stuarts' elimination of their federal claims from this actions weighs in favor of remand of this case.

Additionally, reasons of judicial comity warrant a remand of this case. The subject of this action involves local law enforcement activities and local interests. The legal issues arise only under state law and will be more appropriately addressed in the local courts of the State of Montana.

Therefore, IT IS HEREBY ORDERED this matter is REMANDED to the Montana Fifth Judicial District Court, Beaverhead County.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 21st day of August, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE